IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW FORD,

    Plaintiff,

v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY,
D/B/A FEDLOAN SERVICING,

    Defendant.

Case No. 3:18-cv-02782-K (BT)

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Matthew Ford's "Motion for Leave to File First Amended Complaint" (the "Motion") (ECF No. 5). For the reasons stated, the Court GRANTS Ford's Motion.

## I.
## Background

Plaintiff Matthew Ford filed this case against Defendant Pennsylvania Higher Education Assistance Agency, d/b/a FedLoan Servicing ("PHEAA"), in the 44th Judicial District Court of Dallas County, Texas, on August 27, 2018. Original Pet. (ECF No. 1-5). Ford's claims against PHEAA, a student loan servicer, arise out of PHEAA's alleged unfair and deceptive student loan servicing practices. *Id.* at 1, ¶ 1. Ford pleaded five causes of action in his original petition: (1) a violation of the Texas Deceptive Trade Practices Act; (2) a violation of the Texas Debt Collection

1

Act; (3) fraud; and (4) civil conspiracy. *Id*. at 12-15, ¶¶ 55-70. Ford twice amended his petition in state court. *See* 1st Am. Pet. (ECF No. 1-7); 2d Am. Pet. (ECF No. 1-11). Ford's second amended petition, filed on October 8, 2018, added a breach-of-contract claim against PHEAA for the alleged breach of a contract between PHEAA and the United States Department of Education (the "DOE"). 2d Am. Pet. at 18-19, ¶¶ 82-86. Ford also added claims for unjust enrichment and breach of fiduciary duty against PHEAA arising out of the same contract with the DOE, as well as a claim for negligent misrepresentation. *Id*. at 19-21, ¶¶ 87-101.

Ten days after Ford filed his second amended petition in state court, PHEAA filed its notice of removal under 28 U.S.C. § 1446 in this Court. Removal Notice (ECF No. 1). In its notice of removal, PHEAA claims that "[t]his Court has federal question jurisdiction [under 28 U.S.C. § 1331] because Plaintiff's Second Amended Petition alleges a breach of contract claim controlled by federal law." *Id*. at 1-2, ¶ 2. With respect to the remaining state law claims, PHEAA avers that because they "share a common nucleus of operative fact with [Ford's] federal breach of contract claim, the Court has supplemental jurisdiction over those claims." *Id*.

Then, within six days of PHEAA filing its notice of removal, Ford filed the Motion and a motion to remand. Mots. (ECF Nos. 5 & 6). As an attachment to the Motion, Ford filed a proposed amended complaint voluntarily dismissing his breach-of-contract, unjust enrichment, and breach-of-fiduciary-duty claims, and adding a claim for usury in violation of Texas Finance Code Chapter 306. Proposed Am. Compl. 12-15, ¶¶ 59-76 (ECF No. 5-1). PHEAA filed a response arguing that

2

Ford's proposed amended complaint is an attempt at forum manipulation and that the Court should not grant Ford leave to amend. Resp. at 3-4 (ECF No. 9).

## II.
## Legal Standard and Analysis

When there is no scheduling order in place to govern the deadline for amending pleadings, leave to amend is determined according to the standard set forth in Federal Rule of Civil Procedure 15. *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 753 (N.D. Tex. 2015). Under Rule 15, a party "may amend its pleading once as a matter of course" if it amends within certain deadlines set forth in the rule. Fed. R. Civ. P. 15(a). When a party is not amending as a matter of course under Rule 15(a) but still seeks to amend, a court must freely grant a party leave to amend and should do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Determining when 'justice so requires' rests within the sound discretion of the trial court." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (citation omitted). Further, Rule 15's language "evinces a bias in favor of granting leave to amend. . . . Although the district court should err on the side of allowing amendment, leave to amend should not be given automatically." *Id.* (citations omitted). Thus, a court should consider five factors in determining whether to grant a party leave to amend its complaint: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (in turn citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the absence of any of these factors, the court should grant a party leave to amend. *Id.* (citing *Foman*, 371 U.S. at 182).

## A. Undue Delay

PHEAA cannot establish that Ford unduly delayed in seeking to amend his complaint. For the passage of time to bar a party's request for leave to amend its pleadings, the amount of time passed must constitute "undue delay." *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001). "[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)); *see also Greco*, 116 F. Supp. 3d at 755 (the lack of a scheduling order weighs "in favor of finding no undue delay, dilatory motive, or bad faith on the part of Plaintiffs . . . .") Here, there has been no delay, let alone undue delay. Ford filed the Motion within six days of PHEAA removing the case. The Court has not entered a scheduling order, and there is no trial date. The proposed amendment would not cause prejudice to PHEAA or impose any burdens on the Court.

## B. Bad Faith or Dilatory Motive

PHEAA also has not demonstrated Ford acted in bad faith or with a dilatory motive in seeking leave to amend. This case's procedural posture does not support a finding of bad faith or dilatory motive where, as stated, there is no scheduling

4

order and the parties have taken little action in the case. *See Greco*, 116 F. Supp. 3d at 755. Also, the Court does not find Ford attempted to manipulate the forum. In *Hernandez v. Central Power and Light*, the district court granted a plaintiff leave to amend a complaint to drop a claim that the defendants argued was preempted by federal law and thus provided a basis for removal jurisdiction. 880 F. Supp. 494, 496 (S.D. Tex. 1994). Like in the present case, the defendant opposed plaintiff's motion for leave to amend on the basis that plaintiff was attempting to "manipulate the forum." *Id.* at 495. The court identified several reasons why any forum manipulation was "minimal" and not a basis to deny leave to amend: (1) the case was not originally filed in federal court by the plaintiff; (2) the plaintiff did not plead an overt federal claim in state court; and (3) the record indicated plaintiff never wanted to be in federal court and never expressly attempted to assert a federal claim. *Id.* at 496. Here, like in *Hernandez*, Ford originally filed his case in state court and did not plead an overt federal claim there, and the record does not indicate Ford's express attempt to plead a federal claim. Rather, this case is in federal court because PHEAA removed it. Ford simply wants his lawsuit to return to where he first filed it. His willingness "to sacrifice the new claim to get back to state court cannot so easily be labeled 'forum manipulation.'" *Id.*

### C. Repeated Failure to Cure Deficiencies by Previous Amendments

Ford's proposed amendment would be his first in this Court. Thus, this factor is inapplicable to these facts.

5

### D. Undue Prejudice

Granting Ford leave to amend his complaint would not prejudice PHEAA. "A defendant is prejudiced if an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Where an amendment would cause considerable delay and expense for the opposing party, a court is more likely to find undue prejudice. *See id*. In this case, Ford seeks to dismiss three claims and to add only one additional claim relating to usury. By dismissing all claims relating to the contract between PHEAA and DOE, he seeks to abandon his entire third-party beneficiary theory of recovery. Additionally, this case is still in its infancy. The parties have not engaged in extensive discovery or motion practice. PHEAA has not committed to a defense strategy that will result considerable expense if Ford is allowed to dismiss his third-party beneficiary claims. The Court does not find that the proposed amended complaint is prejudicial to PHEAA.

### E. Futility of the Amendment

Next, PHEAA claims Ford's proposed amendment is futile because "[i]rrespective of the Court's ruling regarding the pleading amendment, the Court had jurisdiction when PHEAA removed the lawsuit and it retains its discretion to exercise subject matter jurisdiction over Ford's remaining claims." Resp. at 2 (ECF No. 9). While PHEAA's assertion may be a correct statement of the law, it assumes that the only purpose of the proposed amendment is to avoid federal court

jurisdiction. Ford is still the master of his complaint and cannot be forced to pursue any particular claim for relief. PHEAA has not demonstrated how an amendment *abandoning* claims would be futile.

## Conclusion

The Court finds, given its consideration of the relevant factors, that it should "err on the side of allowing amendment . . . ." *Chitimacha Tribe of La.*, 690 F.2d at 1163. Accordingly, Plaintiff Matthew Ford's Motion for Leave (ECF No. 5) is GRANTED. The Clerk of Court is directed to file Ford's amended complaint on the docket for this case.

**SO ORDERED**.

July 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE