IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW FORD,

    Plaintiff,

v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY,
D/B/A FEDLOAN SERVICING,

    Defendant.

Case No. 3:18-cv-02782-K

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Matthew Ford's Motion to Remand (the "Motion") (Doc. No. 6). The Court has considered the Motion, response, record, and applicable law. For the reasons stated, the Court **GRANTS** Ford's Motion.

I.    **Background**

Plaintiff Matthew Ford filed this action against Defendant Pennsylvania Higher Education Assistance Agency, d/b/a FedLoan Servicing ("PHEAA"), in the 44th Judicial District Court of Dallas County, Texas, on August 27, 2018. Original Pet. (Doc. No. 1-5). On October 18, 2018, ten days after Ford filed a second amended petition in state court, PHEAA filed its notice of removal under 28 U.S.C. § 1446 in this Court. Removal Notice (Doc. No. 1). In its notice of removal, PHEAA claims that "[t]his Court has federal question jurisdiction [under 28 U.S.C. § 1331] because Plaintiff's

1

Second Amended Petition alleges a breach of contract claim controlled by federal law." *Id*. at 1-2, ¶ 2. With respect to the remaining claims under Texas state law, PHEAA avers that because they "share a common nucleus of operative fact with [Ford's] federal breach of contract claim, the Court has supplemental jurisdiction over those claims." *Id*. Within six days of PHEAA filing its notice of removal, Ford filed a motion for leave to file an amended complaint. Mot. (Doc. No. 5). Ford filed an accompanying proposed amended complaint effectively voluntarily dismissing his breach of contract, unjust enrichment, and breach of fiduciary duty claims and adding a claim for usury in violation of Texas Finance Code Chapter 306. Proposed Am. Compl. 12-15, ¶¶ 59-76 (Doc. No. 5-1).

The United States Magistrate Judge granted Ford's motion for leave to amend on July 26, 2019, and the Clerk of Court was directed to file Ford's amended complaint on the docket. Order (Doc. No. 12). The amended complaint—which no longer pleads the breach-of-contract, unjust enrichment, and breach-of-fiduciary duty claims—contains the following causes of action: (1) violation of the Texas Deceptive Trade Practices Act; (2) violation of Texas Debt Collection Act; (3) usury in violation of Texas Finance Code Chapter 306; (4) fraud; and (5) negligent misrepresentation.

II. **Applicable Law and Analysis**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy . . . ." 28 U.S.C. § 1367. However, under 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction over a claim if:

>  (1) the claim raises a novel or complex issue of State law,
>
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

A court may also consider common law factors of "judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Id*. at 602.

Here, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims where the statutory and common law factors favor remand. (The Court questions whether Ford truly raised a federal question that would make the exercise of jurisdiction over Ford's removed second amended petition proper. Even if it did, Ford no longer pleads the alleged federal claim.)

The second, third, and fourth statutory factors under § 1367(c) favor remand because Ford's state-law claims predominate over any federal claims where no federal claims exist, *see Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011), and because

3

all federal claims were dismissed when the Magistrate Judge granted Ford's motion for leave to file an amended complaint. Because the common law factors favor remand, the fourth statutory factor is satisfied because the common law factors are compelling reasons for the Court to decline jurisdiction. *Id*. The common law factors also favor remand. First, the judicial economy factor favors remand where little federal resources have been devoted to addressing Ford's state law claims. *Id*. (citations omitted). Neither party will have to "duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little has been done at this point." *Id*. With respect to the convenience factor, a remand will not inconvenience the parties where they will not have to "duplicate any of their previous efforts or expenses." *Id*. (citing *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008)). Third, in considering the fairness factor, it is not unfair for the parties to litigate Texas state-law claims in Texas state court, and "there is nothing to indicate that either party would [be] prejudiced by a remand." *Id*. (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)). Lastly, comity weighs in favor of remand as "the Supreme Court has for nearly half a century cautioned federal courts to avoid 'needless decisions of state law.'" *Id*. at 161 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, when considered together, the statutory and common law factors favor remanding this action.

### III. Conclusion

Because the statutory and common law factors weigh in favor of remanding this action, the Court in its discretion will not exercise its supplemental jurisdiction over Ford's remaining state law claims. Therefore, the Court **GRANTS** the Motion. The Court **REMANDS** this case to the 44th District Court of Dallas County, Texas.

**SO ORDERED.**

Signed July 29th, 2019.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE